### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH H. A. BANDS, JR.<br>702 Liberty Grove Rd<br>Conowingo, MD 21918<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>60 Massachusetts Avenue<br>Washington, DC 20002 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>JURY TRIAL DEMANDED<br>:<br>:<br>: |

### COMPLAINT

1. The Plaintiff, Joseph H. A. Bands, Jr., is a citizen of the State of Maryland, residing at 702 Liberty Grove Road, Conowingo, MD 21918.

2. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of laws of the United States, with its principle place of business at the above address.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. The Plaintiff was employed by defendant railroad and was acting in the scope of

his employment by the defendant as a maintenance of way repairman and was engaged in the furtherance of interstate commerce within the meaning of said act.

6. All of the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees.

7. During Plaintiff's entire career as a trackman, while working within the scope of his employment for approximately 40 years working for Defendants' railroad system along the northeast corridor from Lorton, VA to Boston, MA.

8. During his employment with Defendant, Plaintiff's duties included the maintenance and repair of railroad equipment.

9. Over the decades of his employment with Defendant, Plaintiff was recognized by Amtrak for his service and safety record.

10. Within the last three years, Plaintiff came to realize that he had suffered injury in both hands and wrists that he believes is due in whole or in part to his railroad employment including premature, advanced arthritis of the knuckles of the hands.

11. Those injuries were caused in whole or in part by the negligence, carelessness and recklessness of the defendant and their agents, servants, workmen and./or employees, acting within the scope of their employment, which consisted of the following:

    a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act Title 45 U.S.C. Secs. 51-60;

    b) in failing to adequately maintain and replace broken, aged machines;

    c) in failing to provide sufficient personnel for the volume of repairs needed for the equipment which needed constant repair;

    d)    in failing to comply with the applicable government regulations;

    e)    in failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate cumulative and repetitive trauma to which Plaintiff would be exposed;

    f)    in failing to periodically test employees such as the plaintiff for physical effects of repetitive trauma, and failing to take appropriate action, including advising the Plaintiff as to the test results;

    g)    in failing to warn the Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma;

    h)    in providing the Plaintiff, and those working around him, with equipment which the Defendant knew or should have known caused repetitive occupational trauma;

    i)    in failing to make reasonable efforts to inspect or monitor the levels/amounts of repetitive trauma produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant; and,

    j)    in failing to provide the Plaintiff with the protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma.

    k)    in failing to take adequate precautions to protect Plaintiff from the dangers of known hazards such as repetitive exposure to vibrations.

12. As a direct result of the aforesaid negligence of Amtrak, through their agents, servants, workmen and/or employees, the Plaintiff cumulative micro traumas disorders/repetitive stress injuries and/or wear out injuries to both hands, wrists and the knuckles of certain digits of

both hands.

13. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

14. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

15. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiff, JOSEPH H. A. BANDS, JR., claims of the Defendant, a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**KELLER & GOGGIN, P.C.**

By: /s/Voci R. Bennett
VOCI R. BENNETT, ESQUIRE
*Attorney for Plaintiff*